# EXHIBIT 1



251 S. LAWRENCE STREET
MONTGOMERY, AL, 36104

## USPS CERTIFIED MAIL



**9214 8901 7301 4103 2200 0295 07**

03-CV-2022-900553.00

To: PROGRESSIVE DIRECT INSURANCE COMPANY
2 NORTH JACKSON STREET
SUITE 605
MONTGOMERY, AL 36104

# NOTICE OF ELECTRONIC FILING

### IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

### MICHAEL SMITH V. PROGRESSIVE DIRECT INSURANCE COMPANY
### 03-CV-2022-900553.00

The following complaint was FILED on 5/10/2022 2:04:54 PM

Notice Date:     5/10/2022 2:04:54 PM

**GINA J. ISHMAN**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36104

334-832-1260

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>03-CV-2022-900553.00 |
|---|---|---|

### IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA
### MICHAEL SMITH V. PROGRESSIVE DIRECT INSURANCE COMPANY

**NOTICE TO:** PROGRESSIVE DIRECT INSURANCE COMPANY, 2 NORTH JACKSON STREET SUITE 605, MONTGOMERY, AL 36104

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S); JONATHAN HIETT WALLER

*(Name(s) of Attorney(s))*

WHOSE ADDRESS(ES) IS/ARE: 3595 Grandview Pkwy / Ste 500, BIRMINGHAM, AL 35243

*(Address(es) of Plaintiff(s) or Attorney(s))*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of MICHAEL SMITH
pursuant to the Alabama Rules of the Civil Procedure.                    *[Name(s)]*

| 05/10/2022 | /s/ GINA J. ISHMAN | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.        /s/ JONATHAN HIETT WALLER

*(Plaintiff's/Attorney's Signature)*

### RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____

*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____

_____ in _____ County,

*(Name of Person Served)*          *(Name of County)*

Alabama on _____.

*(Date)*

| _____ | _____ | _____<br>*(Address of Server)* |
|---|---|---|
| *(Type of Process Server)* | *(Server's Signature)* | |
| | _____<br>*(Server's Printed Name)* | _____<br>*(Phone Number of Server)* |

### 03-CV-2022-900553.00
MICHAEL SMITH V. PROGRESSIVE DIRECT INSURANCE COMPANY

| C001 - MICHAEL SMITH | **v.** | D001 - PROGRESSIVE DIRECT INSURANCE COMPANY |
|---|---|---|
| *(Plaintiff)* | | *(Defendant)* |



# SERVICE RETURN COPY

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>03-CV-2022-900553.00 |
|---|---|---|

**IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA**
**MICHAEL SMITH V. PROGRESSIVE DIRECT INSURANCE COMPANY**

**NOTICE TO:** PROGRESSIVE DIRECT INSURANCE COMPANY, 2 NORTH JACKSON STREET SUITE 605, MONTGOMERY, AL 36104

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), JONATHAN HIETT WALLER

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 3595 Grandview Pkwy / Ste 500, BIRMINGHAM, AL 35243

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:**

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of UNDERLINE MICHAEL SMITH

*[Name(s)]*

pursuant to the Alabama Rules of the Civil Procedure.

| 05/10/2022 | /s/ GINA J. ISHMAN | By: | |
|---|---|---|---|
| *(Date)* | *(Signature of Clerk)* | | *(Name)* |

☑ Certified Mail is hereby requested.  /s/ JONATHAN HIETT WALLER

*(Plaintiff's/Attorney's Signature)*

## RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____

*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____

_____ in _____ County,

*(Name of Person Served)*     *(Name of County)*

Alabama on _____.

*(Date)*

_____     _____

*(Type of Process Server)*     *(Server's Signature)*     *(Address of Server)*

_____     _____

*(Server's Printed Name)*     *(Phone Number of Server)*

ELECTRONICALLY FILED
5/10/2022 2:05 PM
03-CV-2022-900553.00
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
GINA J. ISHMAN, CLERK

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93   Rev. 9/18 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Case 03<br><br>Date of Filing:<br>05/10/2022 | Judge Code: |
|---|---|---|---|

## GENERAL INFORMATION

### IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA
### MICHAEL SMITH v. PROGRESSIVE DIRECT INSURANCE COMPANY

**First Plaintiff:** ☐ Business  ☑ Individual  **First Defendant:** ☑ Business  ☐ Individual
☐ Government  ☐ Other  ☐ Government  ☐ Other

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
☐ WDEA - Wrongful Death
☐ TONG - Negligence: General
☐ TOMV - Negligence: Motor Vehicle
☐ TOWA - Wantonness
☐ TOPL - Product Liability/AEMLD
☐ TOMM - Malpractice-Medical
☐ TOLM - Malpractice-Legal
☐ TOOM - Malpractice-Other
☐ TBFM - Fraud/Bad Faith/Misrepresentation
☐ TOXX - Other: _____

**TORTS: PERSONAL INJURY**
☐ TOPE - Personal Property
☐ TORE - Real Property

**OTHER CIVIL FILINGS**
☐ ABAN - Abandoned Automobile
☐ ACCT - Account & Nonmortgage
☐ APAA - Administrative Agency Appeal
☐ ADPA - Administrative Procedure Act
☐ ANPS - Adults in Need of Protective Service

**OTHER CIVIL FILINGS (cont'd)**
☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/Enforcement of Agency Subpoena/Petition to Preserve
☐ CVRT - Civil Rights
☐ COND - Condemnation/Eminent Domain/Right-of-Way
☐ CTMP - Contempt of Court
☐ CONT - Contract/Ejectment/Writ of Seizure
☐ TOCN - Conversion
☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/Injunction Election Contest/Quiet Title/Sale For Division
☐ CVUD - Eviction Appeal/Unlawful Detainer
☐ FORJ - Foreign Judgment
☐ FORF - Fruits of Crime Forfeiture
☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
☐ PFAB - Protection From Abuse
☐ EPFA - Elder Protection From Abuse
☐ QTLB - Quiet Title Land Bank
☐ FELA - Railroad/Seaman (FELA)
☐ RPRO - Real Property
☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
☐ COMP - Workers' Compensation
☑ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN:**  F ☑ INITIAL FILING   A ☐ APPEAL FROM DISTRICT COURT   O ☐ OTHER
R ☐ REMANDED   T ☐ TRANSFERRED FROM OTHER CIRCUIT COURT

**HAS JURY TRIAL BEEN DEMANDED?** ☑ YES ☐ NO   Note: Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:** ☑ MONETARY AWARD REQUESTED ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**
WAL073 | 5/10/2022 2:05:13 PM<br>Date | /s/ JONATHAN HIETT WALLER<br>Signature of Attorney/Party filing this form

**MEDIATION REQUESTED:** ☐ YES ☑ NO ☐ UNDECIDED

**Election to Proceed under the Alabama Rules for Expedited Civil Actions:** ☐ YES ☑ NO

ELECTRONICALLY FILED
5/10/2022 2:05 PM
03-CV-2022-900553.00
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
GINA J. ISHMAN, CLERK

IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR MONTGOMERY COUNTY, ALABAMA

MICHAEL SMITH, on behalf of himself and
all others similarly situated,

        Plaintiff,

        v.

PROGRESSIVE DIRECT INSURANCE
COMPANY.

        Defendant.

CIVIL ACTION NO.:

CLASS ACTION

JURY TRIAL DEMANDED

## CLASS ACTION COMPLAINT

Plaintiff, Michael Smith, on behalf of himself and all other similarly situated, files this Class Action Complaint against Progressive Direct Insurance Company ("Progressive" or "Defendant"), and in support thereof states the following:

## NATURE OF THIS CLAIM

1.     Plaintiff, Michael Smith, was a named insured under a Progressive automobile policy issued for private passenger auto physical damage including comprehensive and collision coverage (the "Policy"). The Declaration page of that Policy is filed herewith as Exhibit A.

2.     The adjustment of total loss claims in Alabama is subject to Ala. Admin. Code 482-1-125.08 (the "Total Loss Regulation").

3.     Plaintiff brings this action seeking to represent Alabama residents who are first party insureds under Progressive automobile policies and who incur a total loss to an insured vehicle.

4.     The Total Loss Regulation provides that "the insurer shall pay all applicable taxes, license fees and other fees incident to transfer of evidence of the ownership of the automobile paid, at no cost, other than any deductible provided in the policy."

5.      In Alabama, a person registering a motor vehicle is required to play, in addition to state sales tax, additional state, county, city, license fees and tag fees and also school fees (collectively "Additional Fees").

6.      A copy of the Plaintiff's registration for tax year 2016 is attached as Exhibit B.

7.      As set forth in detail hereafter, Progressive has the standard and current practice in Alabama of refusing to pay the Additional Fees to Alabama total loss insureds.

## JURISDICTION AND VENUE

8.      This Court has subject matter jurisdiction over this action because the amount in controversy exceeds the jurisdictional minimum of the Court. Venue is proper in this Court because the Defendant has its registered office and agent in Montgomery County.

## THE PARTIES

9.      At all times material hereto, Plaintiff Michael Smith was domiciled in Alabama, and was a citizen of the State of Alabama.

10.     Defendant, Progressive is an Alabama insurance company licensed to and conducting business in Alabama. Progressive has its principal place of business located at 6300 Wilson Mills Road, Mayfield, Ohio 44143.

## PROGRESSIVE STANDARD FORM POLICY

11.     Progressive Standard Alabama Policies: Defendant utilizes a standard form policy (the "Policy") within the State of Alabama ("ACV"). The Policy language related to comprehensive and collision coverage for total loss vehicles is present in every automobile policy issued by Progressive in Alabama. The Policy language which is standardized in all relevant and material ways, is as follows:

LIMITS OF LIABILITY

2

1. The limit of liability for loss to a **covered auto, non-owned auto,** or **customer parts or equipment** is the lowest of:

   a. The actual cash value of the stolen or damaged property at the time of the loss reduced by the applicable deductible;

   b. The amount necessary to replace the stolen or damaged property reduced by the applicable deductible;

   c. The amount necessary to repair the damaged property to its pre-loss physical condition reduced by the applicable deductible; or

   d. The Stated Amount shown on the **declarations page** for that **covered auto.**

12. <u>Plaintiff's Total Loss</u>: At all times material hereto, in August 2016, Plaintiff owned a 2013 Ram 1500 SLT 4 Door Quad Cab 6 Vehicle with VIN 1C6RR7GT1DS629600 which was covered by the Policy ("Insured Vehicle").

13. At all times material hereto, Plaintiff insured the vehicle under his Progressive Policy.

14. On or about August 13, 2016, Plaintiff was involved in an accident while operating the Insured Vehicle. As a result of said accident, Plaintiff's insured vehicle was a total loss. Plaintiff filed a claim for property damage with Defendant, claim number 16-5941862-01.

15. Following the filing of said claim, Defendant determined that the Insured Vehicle was a total loss with a base value of $23,669.28.

16. Progressive prepared and sent Plaintiff a document titled "Settlement Summary," purportedly approving the claim and itemizing what was owed to Plaintiff for his total vehicle loss claim under his Progressive Policy. A true and correct copy of the Settlement Summary is attached as Exhibit C.

17. Defendant paid Plaintiff the "base value" of the vehicle plus the incorrect tax

3

amount (a total of $24,368.97).

18.     However, Progressive refused to pay the Additional Fees asserted with Plaintiff's Total Loss.

19.     Progressive has a standard and practice of refusing to pay said Additional Fees to its first party total loss insureds in Alabama.

20.     Defendant's payment of merely the "base value" plus sales taxes without payment of the Additional Fees constituted a breach of Plaintiff's Policy.

21.     Plaintiff paid all premiums owed and otherwise satisfied all conditions precedent such that their insurance policy was in effect and operational at the time of the accident.

## CLASS ALLEGATIONS

22.     Plaintiff brings this action respectively seeking representation of the Class, defined below, pursuant to Ala. R. Civ. P. 23, as may be deemed appropriate by the Court.

23.     Plaintiff brings this action as class representative, individually and on behalf of all other persons or entities similarly situated, more specifically defined as follows:

> Alabama residents who were first party insureds under Progressive Direct Automobile Liability Insurance Policies and who also: (a) incurred a first party total loss claims; (b) for which Progressive Direct did not properly pay all Additional Fees as part of its settlement of such first party total loss claims; and (c) which total loss claim occurred within the period of six years immediately preceding the filing of this Complaint.

24.     Although the precise number of class members for the Class is unknown to Plaintiff at this time and can only be determined through appropriate discovery, Plaintiff believes that because Defendant is one of the largest motor vehicle insurers in the State of Alabama and writes millions of dollars of private-passenger physical-damage coverage premiums, the persons affected by Defendant's unlawful practice consists of thousands of individuals.

25.     Progressive's unlawful practices alleged herein is a standardized and uniform Progressive practice, employed by Defendant pursuant to standardized insurance policy language

4

and results in the retention by Defendant of insurance benefits and monies properly owed to Plaintiff and the class members of the Class.

26.    **Numerosity**: Although the precise number of class members is unknown to Plaintiff at this time and can only be determined through appropriate discovery, upon information and belief, the class members, in this case, are over 1,000, Thus, joinder of all such claims is impracticable and numerosity as to the Class is otherwise established).

27.    **Commonality**: Ala. R. Civ. P. 23's commonality requirement for the Class is satisfied because the central (and dispositive) issues in this litigation turn on the content of materially identical policy provisions; thus, this case is well-suited for class wide adjudication. Defendant and all class members are bound by the same materially identical policy terms. Common questions include, but are not limited to, the following: (a) whether under Defendant's standardized policy language, Plaintiff and Class Members are owed Additional Fees; (b) whether Defendant breached its insurance contracts with Plaintiff and the Class Members by failing to include Additional Fees in making payment for the total loss of an insured vehicle; and (c) whether Defendant's policy and practice of failing to include Additional Fees in making payment for the total loss of an insured vehicle was done in bad faith within the meaning of the common law or was an unfair insurance practice.

28.    **Typicality**: Ala. R. Civ. P. 23's typicality requirement is satisfied because Plaintiff and Class Members were injured by Defendant's uniform misconduct. Plaintiff and Class Members' legal claims arise from the same core claims handling practices, namely, the uniform failure to pay Additional Fees for first-party total loss claims. Plaintiff's claims are based upon the same legal theories as those of the Class Members, Plaintiff suffered the same category of harm as all the other Class Members, and Plaintiff is not subject to unique affirmative defenses sufficient

to preclude a finding of typicality. Moreover, the material and relevant policy terms for each class member are substantially identical to the terms of Plaintiff's policy.

29.     **Adequacy**: Ala. R. Civ. P. 23's adequacy requirement is satisfied because Plaintiff is committed to the vigorous prosecution of this action and has retained competent counsel experienced in prosecuting class actions. Plaintiff has no interests in conflict with or antagonistic towards those of putative Class Members.

30.     **Predominance**: Ala. R. Civ. P. 23's predominance requirement is satisfied because the previously articulated common issues of fact and law predominate over any question solely affecting individual Class Members. Resolution of the common issues in this litigation will resolve the entirety of every Class Members' claims. There are no significant individual questions of liability or damages, and certainly not ones that predominate over issues common to the Class. The damages of individual class members are readily ascertainable and may be readily determined from applicable computerized, electronic data base.

31.     **Superiority**: Further, Ala. R. Civ. P. 23's superiority requirement is satisfied. Class treatment is superior to any other alternative method of adjudication because the damages suffered by individual Class Members are small and the expense and burden of individual litigation makes it impracticable for Class Members to seek individual redress for the wrongs done to them. Plaintiff knows of no difficulty that would be encountered in the management of this case which would preclude its maintenance as a class action. Moreover, it is desirable to concentrate the litigation of the Class Members' claims in one forum, as it will conserve party and judicial resources and facilitate the consistency of adjudications.

## COUNT ONE: BREACH OF CONTRACT

32.    The allegations contained herein are incorporated by reference.

33.    Count One is brought by Plaintiff, individually, and on behalf of the Class Members against Defendant Progressive.

34.    Plaintiff was a party to an insurance contract, the Policy, with Defendant Progressive as described herein. All Class Members were parties to an insurance contract with Defendant Progressive containing materially identical terms.

35.    The interpretation of Plaintiff's and all Class Members' insurance Policies is governed by Alabama law.

36.    Plaintiff and all Class Members made a claim for insured vehicles determined by Defendant Progressive to be a first-party total loss covered under the applicable Progressive insurance policy.

37.    Defendant Progressive, by paying the total loss vehicle claim, determined that Plaintiff and each Class Member complied with the terms of their insurance policy contracts, and fulfilled all duties and conditions under the Policy to be paid on his or her total loss of vehicle.

38.    Pursuant to the aforementioned uniform contractual provisions, upon the total loss of insured vehicles, Plaintiff and every Class Member were owed the actual cash value of the vehicle, and Additional Fees.

39.    By failing to pay all Additional Fees, Defendant has materially breached its contractual obligations to the named Plaintiff and all Class members.

40.    Defendant Progressive has wrongfully refused to properly pay Additional Fees to Plaintiff and every Class Member.

41.    As a result of said breaches, Plaintiff and the Class Members are entitled under

7

Defendant's insurance Policies to recover all such Additional Fees plus pre-judgment and post-judgment interest, declaratory relief, injunctive relief, and other relief as is appropriate.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and on behalf of the members of the Class request an award, relief, and entry of a judgment, as follows:

a. An order certifying that this action is properly brought and may be maintained as a class action; that Plaintiff be appointed representative of the Class; and that Plaintiff's counsel be appointed counsel of the Class.

b. Compensatory damages for each Cause of Action for which they are available.

c. Restitution in an amount determined at trial for each Cause of Action asserted herein for which this relief is available.

d. An Order declaring Defendant's conduct to be unlawful and in violation of the parties' Policy contracts and applicable Alabama law, and enjoining Defendant from continuing the unlawful, deceptive practices described throughout this Complaint.

e. An Order awarding Plaintiff his costs of suit, including reasonable attorneys' fees and pre-and post-judgment interest for each Cause of Action for which they are available.

f. An Order requiring accounting for, and imposition of, a constructive trust upon all monies Defendant received as a result of the misleading, fraudulent, and unlawful conduct alleged herein.

g. Such other and further relief as may be available as part of the claims asserted herein, or otherwise as may be deemed necessary or appropriate for any of the claims asserted.

8

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all causes of action and/or issues so triable.


Dated: May 10, 2022                    By: _____

Jonathan H. Waller
Attorney for Plaintiff

**WALLER LAW OFFICE, PC**
3595 Grandview Parkway, Suite 500
Birmingham, AL 35243
Phone: (205) 313-7330
Email:  jwaller@waller-law.com


**OF COUNSEL:**
**NORMAND PLLC**
3165 McCrory Place, Ste. 175
Orlando, FL 32803
Tel: 407-603-6031
ed@normandpllc.com


**PLEASE SERVE VIA CERTIFIED MAIL:**

**PROGRESSIVE DIRECT INSURANCE COMPANY**
**c/o REGISTERED AGENT CT CORPORATION SYSTEM**
**2 NORTH JACKSON STREET**
**SUITE 605**
**MONTGOMERY, ALABAMA  36104**

ELECTRONICALLY FILED
5/10/2022 2:05 PM
03-CV-2022-900553.00
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
GINA J. ISHMAN, CLERK

# Exhibit A

# Declaration Page

PROGRESSIVE
P.O. BOX 31260
TAMPA, FL 33631

**PROGRESSIVE**
DIRECT Auto

MICHAEL A SMITH
JESSICA L MOUNT
3205 LLOYDS LN
APT# F5
MOBILE, AL 36693

**Policy Number: 58466886**
Underwritten by:
Progressive Direct Insurance Co
May 15, 2016
Policy Period: May 11, 2016 - Nov 11, 2016
Page 1 of 2

**progressive.com**
**Online Service**
Make payments, check billing activity, update
policy information or check status of a claim.

# Auto Insurance
# Coverage Summary
## This is your Declarations Page
## Your policy information has changed

**1-800-776-4737**
For customer service and claims service,
24 hours a day, 7 days a week.

Your coverage began on May 11, 2016 at 12:01 a.m. This policy expires on November 11, 2016 at 12:01 a.m.

This coverage summary replaces your prior one. Your insurance policy and any policy endorsements contain a full explanation of your coverage. The policy limits shown for a vehicle may not be combined with the limits for the same coverage on another vehicle. The policy contract is form 9611D AL (08/15). The contract is modified by forms Z357 (01/07) and 4884 (10/08).

## Policy changes effective May 15, 2016

| | |
|---|---|
| Changes requested on: | May 15, 2016 02:14 p.m. |
| Requested by: | Michael A Smith |
| Premium change: | $41.08 |
| Changes: | The address where all your vehicles are located has been changed. |

## Drivers and household residents

Additional information ·

| | |
|---|---|
| Michael A Smith | Named insured |
| Jessica L Mount | Named insured |

## Outline of coverage

### 2003 FORD TAURUS
VIN 1FAFP55253A169075
Primary use of the vehicle: Commute

| | Limits | Deductible | Premium |
|---|---|---|---|
| Liability To Others | | | $192 |
| Bodily Injury Liability | $25,000 each person/$50,000 each accident | | |
| Property Damage Liability | $25,000 each accident | | |
| Uninsured/Underinsured Motorist | $25,000 each person/$50,000 each accident | | 36 |
| Total premium for 2003 FORD | | | **$228** |

Form 6489 AL (11/04)


Continued

Policy Number: 58466886
Michael A Smith
Jessica L Mount
Page 2 of 2

**2013 RAM RAM 1500**
VIN 1C6RR7GT1DS629600
Primary use of the vehicle: Commute

| | Limits | Deductible | Premium |
|---|---|---|---|
| Liability To Others | | | $230 |
| Bodily Injury Liability | $25,000 each person/$50,000 each accident | | |
| Property Damage Liability | $25,000 each accident | | |
| Uninsured/Underinsured Motorist | $25,000 each person/$50,000 each accident | | 34 |
| Comprehensive | Actual Cash Value | $1,000 | 118 |
| Collision | Actual Cash Value | $1,000 | 151 |
| Total premium for 2013 RAM | | | **$533** |
| **Total 6 month policy premium** | | | **$761.00** |

## Premium discounts

| Policy | |
|---|---|
| 58466886 | Electronic Funds Transfer (EFT), Home Owner, Online Quote, Multi-Car, Continuous Insurance: Diamond, Paperless, Three-Year Safe Driving and Five-Year Accident Free |

## Lienholder information

We send certain notices such as coverage summaries and cancellation notices to the following:

| Vehicle | Lienholder |
|---|---|
| 2013 RAM RAM 1500 | CHASE AUTO FINANCE |
| 1C6RR7GT1DS629600 | ATLANTA, GA 30366 |

## Company officers

Secretary

ELECTRONICALLY FILED
5/10/2022 2:05 PM
03-CV-2022-900553.00
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
GINA J. ISHMAN, CLERK

# Exhibit B

# Registration – Tax Year 2016

**ALABAMA DEPARTMENT OF REVENUE**
MOTOR VEHICLE REGISTRATION TAG AND TAX RECEIPT

ALABAMA LAW REQUIRES ORIGINAL OR PHOTOCOPY OF RECEIPT TO BE IN VEHICLE.    MVR 40-12-253B (3/2013)

| ISSUING COUNTY | COUNTY CODE | GIFT CODE | TAG YEAR | RETAIL TAG | NON USE AFFIDAVIT | LAST YEAR DECAL NO | CURRENT YEAR DECAL NO |
|---|---|---|---|---|---|---|---|
| MONTGOMERY | 3 | 2 | 2016 | X | | 75073 | 198708 |

| DATE ACQUIRED/ENTERED STATE | ACQUIRED FROM | | FOR RENEWAL TAX | NO. OF MOS TAX | LAST YEAR STATE | TAG NO | TAG TYPE | CURRENT YEAR TAG NO |
|---|---|---|---|---|---|---|---|---|
| 20151114 | CHUCK STEVENS AUTOMOTIVE | | | 11  11 | UA | CBS496 | PC | 3AS4063 |

| AD VAL START DT | HOW USED | PRICE | | | | | | |
|---|---|---|---|---|---|---|---|---|
| 11/14/2015 | X | 28,520.25 | 26,500 | | | | | |

| VEHICLE IDENTIFICATION NO | MODEL | SCHOOL | HAUT | GROSS WEIGHT GVWR | CURRENT TAG CHARGES | RENEW THRU MO/YR |
|---|---|---|---|---|---|---|
| 1C6RR7GT1DS629600 | RAM 1500 4X4 QUAD S | | | 8000 | 09/30/2016 | 09/2016 |

| APPL OR TITLE | MAKE | YEAR | BODY | STY | COLOR | STATE STAX | COUNTY STAX | CITY STAX | PD OTHER STATE | TOTAL SALES TAX |
|---|---|---|---|---|---|---|---|---|---|---|
| E312246731 | DODG | 2013 | PU | | GRAY | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |

| ASSESSED VALUE | STATE | CITY | SCHOOL | AD VAL CREDIT | AD VALOREM PENALTY | AD VALOREM INTEREST | TOTAL AD VALOREM TAX |
|---|---|---|---|---|---|---|---|
| 3,640.00 | 23.66 | 27.30 | 45.50 | 36.40 | 0.00 | 0.00 | 0.00 | 0.00 | 132.86 |

| CLASS CODE | TRANS FEE | AFF FEE | ADDL FEE | LICENSE FEE | ISS FEE | PENALTY | CITATION | INTEREST | TOTAL DUE | MAIL FEE | TOTAL AD V TAX |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 4 | 0.00 | 0.00 | 0.00 | 21.08 | 1.25 | 0.00 | 0.00 | 0.00 | 22.33 | 0.00 | 155.19 |

| | TITLE FEE |
|---|---|
| 2390644097 | 0.00 |

| DATE OF ISSUE | TIME ISSUED | TOTAL PD |
|---|---|---|
| 12/02/2015 | 03:01 PM | 155.19 |
| | | CC |

SMITH MICHAEL
306 GARWAY DR
MONTGOMERY, AL 36108-

*Jessica Smith*

SIGN HERE ⇨
"WE CERTIFY THAT THE INFORMATION CONTAINED HEREON IS TRUE AND CORRECT"

Standard

JANET BUSKEY
STEVEN L REED
U125_#2780549 $1184395 P1148592
NewReg

---

ALABAMA LAW REQUIRES THAT CURRENT PROOF OF LIABILITY INSURANCE COVERAGE AND A CURRENT AND VALID REGISTRATION RECEIPT BE CARRIED WITHIN THE VEHICLE.

ALABAMA LAW PROVIDES A MAXIMUM PERIOD OF 12 MONTHS TO OBTAIN AD VALOREM TAX CREDIT AFTER THE DATE A MOTOR VEHICLE IS SOLD, TRADED, TOTALLY DESTROYED, PERMANENTLY REMOVED FROM ALABAMA, STOLEN WITHOUT RECOVERY, OR OTHER TRANSFER.

YOUR POSSESSION OF THIS DOCUMENT DECLARES THAT YOU HAVE KNOWLEDGE OF FEDERAL MOTOR CARRIER SAFETY REGULATIONS AND FEDERAL HAZARDOUS MATERIALS REGULATIONS AS ADOPTED BY THE STATE OF ALABAMA. THIS NOTICE APPLIES TO ANY COMMERCIAL VEHICLE WITH GROSS WEIGHT RATING (GVWR) FROM THE MANUFACTURER EXCEEDING 10,000 POUNDS OR USED TO HAUL HAZARDOUS MATERIALS.

☐ **AFFIDAVIT OF DISABILITY - UNITED STATES VETERAN**
I, the undersigned, certify that I am currently evaluated by the U.S. Department of Veterans Affairs as ___% disabled and I have previously provided this county's license plate issuing official proof from the U.S. Department of Veterans Affairs that I am a disabled veteran and entitled to the registration fee exemptions as provided in the Code of Alabama 1975.

☐ **AFFIDAVIT OF NON-USE OF A MOTOR VEHICLE**
I, the undersigned, am the lawful and true owner of the vehicle described on the reverse side of this document. I hereby certify, under the penalties of perjury, that this vehicle has not been used or operated on any public street, road or highway within the State of Alabama during the registration period below:
_____ through _____
I understand that Alabama law provides for an annual registration fee (license tax), collected on a staggered monthly basis for use or operation of this vehicle on public roads or highways of this State and that this "Affidavit of Non-Use" could provide an exemption from the registration fee (license tax) and/or penalty, if applicable, during the period cited above.

Owner's Signature _____    Date _____

PAYMENT INFO (1148592)
--------------------
CASH   :      $0.00
CHECK  :      $0.00
CC     :    $166.87
CHANGE :      $0.00
--------------------
TOTAL  :    $166.87



ELECTRONICALLY FILED
5/10/2022 2:05 PM
03-CV-2022-900553.00
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
GINA J. ISHMAN, CLERK

# Exhibit C

# Settlement Summary

Progressive Group of Insurance Companies

# Settlement Summary

**Claim Information**

| | | |
|---|---|---|
| Claim Number: 16-5941862-01 | Coverage Type of Loss: | Comprehensive |
| Policy Number: | Loss Date: | 08/13/2016 |
| Owner : SMITH, MICHAEL | Reported Date: | 08/13/2016 |
| | Valuation Report ID: | 1006158381 |

**Vehicle Information**

| | | |
|---|---|---|
| Loss Vehicle: 2013 Ram 1500 SLT 4 Door Quad Cab 6 Foot Bed 5.7L 8 Cyl Gas A 4WD | Location: | AL 36693 |
| VIN: 1C6RR7GT1DS629600 | Exterior Color: | |
| Mileage: 57,692 miles | License Plate: | |
| Title History: No | Title History Comments: | |

| Loan Information | | Payment Information | |
|---|---|---|---|
| Lien Holder Payoff: | $24,368.97 | Lien Holder Payment(s): | $24,368.97 |
| Loan/Lease Payoff Coverage: | $0.00 | Net to Owner: | $0.00 |

# Settlement

| | |
|---|---|
| Stated Amount: | $0.00 |
| Actual Cash Value: | $24,089.28 |
| Base Value: | $23,669.28 |
| Title History Adjustment: | -$0.00 |
| Refurbishment Adjustments: | $0.00 |
| After Market Parts Adjustment: | $420.00 |
| Condition Adjustment: | $0.00 |
| Prior Damage Adjustment: | -$0.00 |
| Market Value: | $ 24,089.28 |
| Settlement Adjustment(Pre-Tax): | $0.00 |
| Fees: | $15.00 |
| Taxes: | $1,264.69 |
| Company Obtains: | $0.00 |
| Net Settlement: | $25,368.97 |
| Settlement Adjustment(Post-Tax): | $0.00 |
| Deductible: | -$1,000.00 |
| Other Adjustments: | $ 0.00 |
| Total Settlement: | $24,368.97 |

Adjuster License #:

Comments: